IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ISRAEL FONSECA,

               Petitioner,

    v.

MARK NOOTH, Superintendent, Snake
River Correctional Institution,

               Respondent.

No. 2:12-cv-01532-HZ

ORDER

Israel Fonseca
#17312862
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

    Pro se Petitioner

Kristen E. Boyd
State of Oregon
Department of Justice
1162 Court St. NE
Salem, OR 97301

    Attorney for Respondent

1 - ORDER

HERNÁNDEZ, District Judge:

As a preliminary matter, Petitioner's second Motion for Appointment of Counsel is denied for the reasons previously set forth in the record.  See April 12, 2013 Order [23].

Petitioner is an inmate in the custody of the Oregon Department of Corrections after convictions for Attempted Murder, Unlawful Use of a Weapon and Felon in Possession of a Weapon.  Resp't Ex. 101.  After a jury convicted Petitioner, the trial court imposed various sentences totaling 90 months of imprisonment.  Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Resp't Exs. 105-09.

Petitioner filed a Formal Petition for Post-Conviction Relief, Resp't Ex. 110, but the Umatilla County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Resp't Exs. 131-35.

Petitioner filed a Petition for a Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2254 alleging five claims of ineffective assistance of counsel.  By an Order [29] entered November 5, 2013, Petitioner's Motion for Leave to File an Amended Petition [27] was allowed.  Petitioner's Amended Petition [30] re-alleged the five claims of ineffective assistance of counsel as Ground One and alleged an additional claim of trial court error as Ground Two.

Respondent now moves to deny relief on the grounds that the ineffective assistance of counsel claims alleged in Ground One were not "fairly presented" to Oregon's highest court and are procedurally defaulted.  Resp. to Pet. 2.  Respondent moves to deny relief on the trial court error claim alleged in Ground Two on the ground that it was correctly decided in a state court decision which is entitled to deference by this Court pursuant to 28 U.S.C. § 2254(d).

2 - ORDER

Petitioner's Opening Brief [35] presents argument only as to the trial court error claim (Ground Two). Arguably, the claims in the ineffective assistance of counsel claims alleged in Ground One are properly deemed waived and/or abandoned. See Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), cert. denied 551 U.S. 1159 (2007) (claims waived where there is no attempt to prove them); see also Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) (claims deemed abandoned where petitioner made no argument regarding them in his brief). However, I find that it is appropriate to address those claims.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); see also Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (holding that, when a petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

3 - ORDER

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards, 529 U.S. at 451. To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

/ / /

4 - ORDER

Petitioner alleges:

**Ground One:** Petitioner was denied adequate/effective assistance of trial counsel in violation of Petitioner's rights under the Sixth and Fourteenth Amendments of the U.S. Constitution.

**Supporting Facts:** (1) Trial counsel failed to hire an investigator to interview trial witnesses prior to trial. (2) Counsel failed to personally interview trial witnesses prior to trial. (3) Counsel failed to adequately question potential jurors during voir dire about their biases regarding Petitioner's immigration status. (4) Counsel failed to emphasize a defense based on reasonable doubt in counsel's arguments at trial. (5) Counsel failed to raise arguments to jury about the lack of an essential element to two charges: no firearm found at Petitioner's residence; no firearm presented for evidence at trial.

Am. Pet. [30] at 3-4.

Petitioner alleged these five claims in his Formal Petition for Post-Conviction Relief ("PCR"). Resp't Ex. 110.

Petitioner appealed the PCR trial court decision denying relief. However, his appellate attorney determined that there was no "arguably meritorious issue" to appeal and filed a brief in accordance with State v. Balfour, 311 Or. 434 (1991) and Oregon Rules of Appellate Procedure ("ORAP") 5.90.[1] Petitioner elected not to file a "Section B." Resp't Ex. 132. Thus no PCR

---

[1] Under Balfour appellate counsel need not withdraw from a case if he or she determines that no meritorious issues exist on appeal. To avoid violating the ethical requirement that an attorney may not advance frivolous claims, the Oregon Supreme Court set out a series of standards with which appellate counsel must comply when confronted with this situation. State v. Balfour, 311 Or. 434 (1997). Accordingly, a Balfour brief contains two sections. Counsel files a "Section A" which contains the facts and the basis for jurisdiction. Importantly, "Section A ... shall contain no assignments of error or argument." Id. at 451. If the appellant seeks to raise issues with the appellate court, the appellant files a "Section B" containing the arguments that counsel considers frivolous but the appellant wishes to advance. Id. at 452. Then the court considers these issues in the "same manner as it considers and decides issues that are raised in any other direct criminal appeal." Id. at 452-53. However, "[t]he Court of Appeals is not required to search the record for error, whether an appeal is filed by a person who has appointed counsel or retained counsel, because a defendant represented by retained counsel would not necessarily receive such a review on appeal." Id. at 453. In this way, appellate counsel may avoid advancing frivolous claims and violating ethical rules, and an appellant is able to have his claims heard. Id.

5 - ORDER

claims were presented to the Oregon Court of Appeals, and as noted above, the Court of Appeals affirmed the post-conviction court's decision denying relief without opinion.

Petitioner's Petition for Review to the Oregon Supreme Court alleged that petitioner was denied his right to adequate and effective assistance of counsel "due to various instances of professional malfeasance on the part of trial counsel." Resp't Ex. 133 at 1. The Oregon Supreme Court denied review.

ORAP 5.45(1) provides:

> Assignments of error are required in all opening briefs of appellants and cross-appellants. No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record.

The rule further provides that each assignment of error shall: (1) "be separately stated under a numbered heading" (ORAP 5.45(2)); (2) "identify precisely the legal, procedural, factual, or other ruling that is being challenged" (ORAP 5.45(3)); and (3) "be followed by the argument" (ORAP 5.45(6)). See also Baldwin v Reese, 541 U.S. 27, 32 (2004); Castillo, 399 F.2d at 1000 ("To exhaust his claim [a petitioner] must have presented his federal, constitutional issue before [the state appellate courts] within the four corners of his appellate briefing."). In addition, ORAP 9.05(4)(b) provides that the petition shall contain "[c]oncise statements of the legal question or questions presented on review and of the rule of law that the petitioner on review proposes be established, if review is allowed."

Thus, although Petitioner generally alleged a claim of ineffective assistance in his Petition for Review to the Oregon Supreme Court, the claims alleged in his PCR petition were not assigned as errors in his opening brief, in his PCR appeal, or otherwise preserved and

6 - ORDER

therefore not presented to the Oregon Supreme Court in a procedural context in which the claims' merits would be considered.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings,[2] and thus cannot "fairly present" his ineffective assistance of counsel claims to Oregon's highest court. Therefore, the claims are procedurally defaulted. Petitioner has not established any cause or prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, the ineffective assistance of counsel claims alleged in the Petition [2] are denied.

Petitioner alleges as Ground Two:

> **Ground Two:** Trial court erred by denying the demurrer that was moved for by the defense.
>
> **Supporting facts:** Reference copy of the original trial courts transcripts pages 28 through 29 (see attached Ex. 1.). The arguments were argued form pages seven through 28, but the trial court reasoning was limited to the attached pages.

Am. Pet. [30] at 4.

Under 28 U.S.C. § 2254(a), federal courts may entertain applications for writs of habeas corpus by state prisoners "only on the ground that he is in custody in violation of the Constitution or laws of the United States." Id. The Court specifically stated that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1981) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1984)). Rather, "[i]t is axiomatic that federal

---

[2] Oregon Revised Statutes ("ORS") 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals decision. See also ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

7 - ORDER

courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." Wainright v. Goode, 464 U.S. 78, 83 (1983) (citing Engle v. Isaac, 456 U.S. 107 (1982)).

In this case, the claim alleged in Ground Two does not allege a specific violation of the federal Constitution, or any other body of federal law and therefore fails to state a claim cognizable under 28 U.S.C. § 2254. See Rule 2(c) of the Rules Governing Section 2254 cases ("[the petition] shall specify all the grounds for relief which are available to the petitioner…."). However, because this pleading deficiency could arguably be cured by amendment, I find it is appropriate to address the other issues raised by Petitioner's Ground Two.

As discussed above, 28 U.S.C. § 2254(b)(1) requires a habeas petitioner to exhaust state remedies on all claims alleged in § 2254 petitions. Generally, this requirement is satisfied if a petitioner fairly presents federal claims to the appropriate state courts, thereby affording the state courts meaningful opportunity to consider the allegations of legal error. Picard v. Conner, 404 U.S. 270, 275-76 (1971). In Gray, 518 U.S. at 162-63, the Court held that to fairly present a federal claim in state court, a habeas petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." See also Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A claim is not fairly presented if the court must read beyond a petition or brief (or similar document) that does not alert it to the presence of a federal claim. Baldwin, 541 U.S. at 32; see also Castillo, 399 F.3d at 1000 (to exhaust a claim the petitioner must have presented his federal, constitutional issue to the state appellate courts within the four corners of his appellate briefing).

The Oregon Rules of Appellate Procedure provide that "[n]o matter claimed as an error

will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule." ORAP 5.45(1).

Petitioner's trial counsel did not base his demurrer to Count One of the indictment on federal law. See Resp't Ex. 103 at 1-30. Counsel's arguments were based on Oregon law, specifically State v. Smith, 182 Or. 497 (1948).[3] Therefore no federal claim or alleged constitutional error was properly preserved for appeal.

Moreover, on appeal, the demurrer claim was not "federalized." Petitioner's direct appeal brief referenced the Sixth Amendment of the United States Constitution and "due process of law." Resp't Ex. 105 at 12. The brief also cites federal authority in connection with the general constitutional requirements of particularity in indictments. However, it would be a stretch to conclude that Petitioner's demurrer claim was "fairly presented" as a federal issue to the Oregon courts. Therefore, I find that Ground Two is procedurally defaulted. See Baldwin, 541 U.S. at 32; see also Insyxiengmay, 403 F.3d at 668 ("In [the Ninth Circuit], the petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); see also Hiivala, 195 F.3d at 1106 (per curiam) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claim).

Assuming *arguendo* that Petitioner's Ground Two was fairly presented to the Oregon courts as a federal issue, it was denied in decisions that are correct on the merits and is entitled to deference by this court.

---

[3] Counsel did suggest a concededly farfetched sounding hypothetical in which lack of specificity in an indictment could create a "federal constitutional handicap, under the Fifth Amendment." Resp't Ex. 103 at 7-8. That line of argument was not pursued on appeal and no Fifth Amendment violation has been alleged in this proceeding.

9 - ORDER

Under the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003), the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73 (citations omitted).

The Court further held that:

> Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable.

10 - ORDER

Id. at 75.

The Andrade Court further clarified that under 28 U.S.C. § 2254(d), a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." Id. at 75.

> It is not enough that a federal habeas court, in its 'independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable.

Id. at 75-76 (citations and quotation marks omitted).

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. Andrade, 538 U.S. at 71, 75. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit

11 - ORDER

of the doubt.  <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2003) (quoting <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n7 (1997).

Petitioner was charged with attempted murder after he fired a gun into a crowd of unidentified people.  Petitioner was indicted in Count One as follows:

> The said defendant(s) ISRAEL FONSECA, on or about August 13, in the County of Multnomah, State of Oregon, did unlawfully and intentionally attempt to cause the death of another human being, contrary to the statutes in such cases made and provided against the peace and dignity of the State of Oregon.  The state further alleges that during the commission of this felony, the defendant used and threatened the use of a firearm.

Resp't Ex. 102.

Petitioner's counsel filed a pre-trial motion to demurrer to Count One, arguing that the indictment lacked the necessary specificity to apprise the defendant of the identity of the alleged victim.  <u>Id.</u> at 1-3.  After briefing and oral argument, Resp't Ex. 103 at 1-30, the court ruled as follows:

> COURT: All right.  Well, the test here is - the relevant test here is to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make a defense, including self-defense, I might add, based on the facts.
>
> The - Well, as this indictment is pled, with nothing else, at least, arguably, the indictment would be okay.  But here we have police reports that identify the time, place, and essentially who was there, maybe by - not by name, but by where they were and what they were doing - the - with some particularity, including a description.  And the relative proximity is set out, so I think it's sufficient, and I'll deny - respectfully, deny the demurrer, sir.

<u>Id.</u> at 28-29.

For the reasons set forth below, I find that the trial court's decision denying the demurrer to Count One of the indictment is entitled to deference by this Court and was correct on the merits.

12 - ORDER

A criminal defendant has a constitutional right to be informed of the nature and cause of the accusation against him. Russel v. United States, 369 U.S. 749, 761 (1962). In Russel, the Court held that a criminal defendant must be informed of the elements of the charges against him and receive adequate notice to prepare a defense, and be given sufficient information to assert a double jeopardy defense. See also Barber v. Gladden, 327 F.2d 101, 103 (9th Cir.1964).

Cases interpreting Russel have held that adequate notice need not be contained within the charging instrument if it is subsequently provided during the trial. Stephen v. Borg, 59 F.3d 932, 936 (9th Cir. 1995); Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir. 1992).

In this case, in addition to the elements of the crime being set forth in the indictment, Petitioner was also advised by the police reports of the time and place of the crime and a description of the person petitioner was charged with attempting to murder. In addition, the prosecution provided notice to the defense prior to the start of trial that they would be proceeding with the person identified as "C-1" in the police reports as the intended victim. Resp't Ex. 103 at 30. The trial court agreed with defense counsel that the state would be estopped from arguing any other individual was the intended victim. Id.

The state also advised Petitioner of the information they had about the victim, specifically that his general description was that of a short, African-American male, wearing a "hoodie." Id. at 24-28. The prosecution advised Petitioner that this was the individual who the state would be arguing to the jury that Petitioner had attempted to murder when he shot into the crowd. Petitioner has not established how he was prejudiced by the lack of the specific identity of the victim in the charging instrument. I find that Petitioner had sufficient information regarding the time, place and circumstances of the incident to enable him to prepare a defense.

13 - ORDER

The trial court decision was not contrary to or an unreasonable application of <u>Russel</u>. Therefore, it is entitled to deference by this Court. Moreover, I find it is supported by the record and correct on the merits.

## CONCLUSION

Petitioner's Petition [2], as supplemented by the Amended Petition [30], is denied. The Clerk of Court is directed to enter a judgment dismissing this proceeding with prejudice. Should Petitioner appeal, a certificate of appealability is denied, as Petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  16  day of April, 2014.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

14 - ORDER